United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                Case No. 19-13809-mdc
David M. Niedrist                                                     Chapter 13
        Debtor

## CERTIFICATE OF NOTICE

District/off: 0313-2           User: Marie              Page 1 of 1           Date Rcvd: Jul 17, 2019
                               Form ID: pdf900          Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 19, 2019.
db            +David M. Niedrist,    45 Indian Creek Entry,    Levittown, PA 19057-2714

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                           TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 19, 2019                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 17, 2019 at the address(es) listed below:
          BRAD J. SADEK    on behalf of Debtor David M. Niedrist brad@sadeklaw.com,  bradsadek@gmail.com
          KEVIN G. MCDONALD    on behalf of Creditor    Deutsche Bank National Trust Company
           bkgroup@kmllawgroup.com
          LAUREN BERSCHLER KARL    on behalf of Creditor    Deutsche Bank National Trust Company
           lkarl@rascrane.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,  philaecf@gmail.com
                                                                                                TOTAL: 5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| David M. Niedrist<br>Debtor | CHAPTER 13 |
| Deutsche Bank National Trust Company as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-MLN1<br>Movant<br>vs. | NO. 19-13809 MDC |
| David M. Niedrist<br>Debtor | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>Trustee | |

### STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Debtor(s) shall maintain post-petition contractual monthly loan payments due to Movant going forward, beginning with the payment due July 1, 2019 in the amount of $1,301.06. The Debtor shall also stay current on all payments to the Trustee.

2. In the event that the payments under Section 2 above are not tendered, the Movant shall notify Debtor(s) and Debtor(s) attorney of the default in writing and the Debtor(s) may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant immediate relief from the automatic stay, under which the stay provided by Bankruptcy Rule 4001(a)(3) is waived.

3. The stay provided by Bankruptcy Rule 4001(a)(3) is waived with respect to any Court Order approving of this stipulation and/or ordering relief per the terms agreed upon herein.

4. If the case is converted to Chapter 7 and the Debtor is delinquent to the Movant, the Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

6. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

Date: June 21, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date: 7/1/19

Brad J. Sadek, Esquire
Attorney for Debtor **NO OBJECTION**

Date: 7/12/19

William C. Miller, Esquire
Chapter 13 Trustee

Approved by the Court this 17th day of July, 2019. However, the court retains discretion regarding entry of any further order.

Chief U.S. Bankruptcy Judge
Magdeline D. Coleman

*without prejudice to any trustee rights or remedies